```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
TONI PATRICIA IRONS,

                Plaintiff,                   MEMORANDUM AND ORDER
                                             21-CV-4683 (KAM)(LB)
        -against-

UNITED STATES GOVERNMENT; DR.
ALEXANDRIA; STATE OF NEW YORK AND
GOVERNMENT EMPLOYEES,

                Defendants.
------------------------------------x
```
KIYO A. MATSUMOTO, United States District Judge:

Plaintiff Toni Patricia Irons brings the instant *pro se* action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Complaint ("Compl.").) Plaintiff's request to proceed *in forma pauperis* is granted. (ECF No. 2.) For the reasons set forth below below, the complaint is dismissed and plaintiff is granted thirty (30) days leave from the date of this Memorandum and Order to submit an Amended Complaint.

## BACKGROUND

Plaintiff's complaint is difficult to understand but it appears that plaintiff alleges that she was "left an inheritance that was stolen by the government, and when [she] tried to obtain it and fix what the government did wrong to [her] [she was] misdiagnosed and treated inhumanity [sic] and deprived my life, liberty and my property and a right to speak the truth." (Compl. at 5.) Plaintiff further alleges that "Dr.

1

Alexandria, never evaluated me and [diagnose] me as mentally ill. Sueing on behalf of forced medications under threat and pain and suffering, slandering my name, and wrongful malpractice." (*Id*. at 8.)  Plaintiff also asserts that she was "arrested for a charge that I never did and was suppose[edly] evaluated to see if I was able to stand [trial] and I was introduced to 2 female [psychiatrist] and was never evaluated." (*Id*.)  Plaintiff seeks money damages and "her real name back." (*Id*. at 6.)

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

2

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

### I. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to

3

know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019).

The court is unable to determine exactly what claims plaintiff is attempting to allege against each defendant and thus, cannot evaluate whether plaintiff's allegations state a claim for relief. Neither the court nor defendants should have to parse through the complaint or the attached exhibits to ascertain the factual basis for plaintiff's claims. Even liberally construing the complaint in plaintiff's favor, it fails to state a claim upon which relief can be granted. Accordingly, the court will dismiss the complaint without prejudice to allow plaintiff to file an amended complaint.

II. **Claims Against the United States**

In addition, plaintiff names the United States government as a defendant. Claims against the United States, however, are barred under the doctrine of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies of the United States. *See F.D.I.C.*, 510 U.S. at 475. It is plaintiff's burden to

4

demonstrate that sovereign immunity has been waived, and in the absence of such a waiver the court lacks jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, plaintiff has failed to demonstrate the requisite waiver of sovereign immunity by the United States. Thus, plaintiff's claims against the United States are dismissed. *See* 28 U.S.C. § 1915A(b).

### III. Claims Against the State of New York

To the extent plaintiff seeks to bring claims against the State of New York, those claims also cannot proceed because "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Thus, plaintiff's claims against the State of New York are dismissed. *See* 28 U.S.C. § 1915A(b).

### IV. Section 1983 Claims

Plaintiff's claim is brought pursuant to § 1983, which requires that: (1) the conduct challenged must have been "committed by a person acting under color of state law," *Cornejo*

5

*v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation and quotation marks omitted); and (2) the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

Here, plaintiff names Dr. Alexandria as a defendant, but it is unclear whether Dr. Alexandria is a private medical provider or a state or federal employee. If Dr. Alexandria is a private physician, plaintiff is advised that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). A plaintiff, however, can establish that a private actor was acting under color of state law by proving either: "(1) the existence of joint activity between the private actor and the state or its agents, or (2) a conspiracy between the state or its agents and the private actor." *Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013). Accordingly, plaintiff's Section 1983 claim against Dr. Alexandria is implausible because plaintiff has not alleged whether Dr. Alexandria is a state or federal actor. Nor has plaintiff alleged any facts from which the court could reasonably construe a plausible Section 1983 conspiracy or joint actor claim. Thus, plaintiff's Section 1983 claim against Dr. Alexandria is dismissed pursuant to 28 U.S.C. §§

6

1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).  To the extent plaintiff intends to name Dr. Alexandria based on her possible status as a federal employee, plaintiff's allegations similarly fail as possible *Bivens* claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

V.  **False Arrest Claim**

Finally, to the extent plaintiff seeks to bring a claim for false arrest, her claim, as stated, also fails.  A false arrest claim, brought pursuant to Section 1983 or *Bivens*, requires plaintiff to name the arresting officer(s) as a defendant and allege "[u]nder New York law, 'to prevail on a claim of false arrest a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'"  *Nzegwu v. Friedman*, 605 F. App'x 27, 29 (2d Cir. 2015) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003)).

**LEAVE TO AMEND**

In light of this court's duty to liberally construe *pro se* complaints, the court will allow plaintiff 30 days leave to file an Amended Complaint in compliance with Rule 8(a) of the Federal Rules Civil Procedure.  *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  Pursuant to Rule 8 of the Federal Rules of Civil

7

Procedure, plaintiff must provide a short, plain statement of claim to support her claim against each defendant so that the defendant(s) have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Furthermore, plaintiff cannot rely on exhibits or other documents to replace a statement of claim.

## CONCLUSION

Accordingly, for the reasons set forth above, plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). In light of this court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days leave from the date of this Order to file an Amended Complaint. Should plaintiff elect to file an Amended Complaint, she must allege facts that support the elements of the claim and identify defendants who personally violated her constitutional rights while acting under color of state or federal law. Plaintiff is advised that any Amended Complaint she elects to file will completely replace, not supplement, the original complaint. The Amended Complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 21-CV-4683 (KAM) (LB).

   No summonses shall issue at this time and all further proceedings shall be stayed for 30 days.  If plaintiff fails to comply with this order within the time allowed, or cure the deficiencies discussed herein, judgment shall enter dismissing the action.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to send a civil rights complaint form to plaintiff, and a copy of this Order, and note service on the docket.

   SO ORDERED.

                 /s/
                KIYO A. MATSUMOTO
                United States District Judge
                Eastern District of New York

Dated: September 27, 2021
     Brooklyn, New York